IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ERIC FLORES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:15-cv-760-TMH-TFM |
| | ) |
| UNITED STATES ATTORNEY | ) |
| GENERAL, *et.al.*, | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 3). For good cause, the Magistrate Judge recommends that this case be dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]

**I. INTRODUCTION**

The Plaintiff Eric Flores, who is proceeding *pro se*, filed this federal action on October 19, 2015 against the United States Attorney General. (Doc. 1). On November 3, 2015, this Court entered an Order granting Plaintiff's application to proceed *in forma pauperis*. (Doc. 4). In *forma pauperis* proceedings are governed by 28 U.S.C.§ 1915 which requires this court to conduct a preliminary review of the complaint to ensure the action is

---

[1] The statute provides, in pertinent part:"[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

not "frivolous or malicious," "fails to state a claim on which relief can be granted," or "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C.§ 1915(e)(2)(B).

## II.  DISCUSSION

Plaintiff asserts numerous disjointed and fanciful claims in the present complaint. The following recitation of Plaintiff's claims, although not exhaustive, is representative of the delusional nature of Plaintiff's complaint.  Plaintiff asserts,

> The organized group of executive employees of the federal government retaliated against the invocation of the petitioners constitutional right by useing {sic} advanced technology with a direct signal to the satelite {sic} in outer space that has the capability of calculateing {sic} genetic code to cause the petitioners Uncle Jorge Salas severe heart pain for long durations exceeding calendar years in which was equivalent in intensity to cardiac and respatory {sic} failure leading to a heart attack and resulting in the death of the petitioners {sic} Uncle Jorge Salas.

(Doc. 1 at p.8).

This Court may dismiss an *in forma pauperis* complaint "if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i); *see also, Neitzke v. Williams,* 490 U.S. 319, 324 (1989).  28 U.S.C. § 1915(e)(2)(B)(i) gives the Court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke,* 490 U.S. at 327.  Examples of such claims are those that describe "fantastic or delusional scenarios." *Id.* at 328.

After carefully reviewing Plaintiff's complaint, it is clear to the Court that the claims contained in the present complaint are "the hallucinations of a troubled man,"

which cannot be salvaged by amendments to the complaint. *Denton v. Hernandez,* 504 U.S. 25 (1992)(quoting with approval *Hernandez v. Denton,* 861 F.2d 1421, 1439-1440 (9th Cir. 1988) (Aldisert, dissenting)). The allegations contained in the present complaint are a paradigm of those claims which should be subject to dismissal for frivolousness. In light of the foregoing, the court concludes that Plaintiff's complaint is due to be dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *Denton v. Hernandez,* 504 U.S. 25 (1992);*see also Neitzke v. Williams,* 490 U.S. 319, 327 (1989).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be dismissed with prejudice prior to service of process pursuant to the provisions of 28 U.S.C.§ 1915(e)(2)(B)(i).

It is further ORDERED that the Plaintiff file any objections to the this Recommendation on or before **November 17, 2015.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual

findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

    DONE this 3rd day of November, 2015.

                             /s/Terry F. Moorer
                             TERRY F. MOORER
                             UNITED STATES MAGISTRATE JUDGE